(Pleito No. 40.—Fallado el 10 de Abril de 1900.)

## Amorós contra Rodríguez.

Competencia entablada ante los Juzgados Municipales de Guayama y Aibonito.

Jurisdicción de Juzgados Municipales. Cuando no se ha designado en un contrato de compra-venta de géneros de comercio el lugar en que ha de verificarse el pago, se podrá ejercitar la acción en el sitio en que se vendió y entregó la mercancía, aun cuando el deudor resida en cualquier otro lugar.

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico,

á diez de Abril de mil novecientos, en la competencia
pendiente ante Nos, entablada entre los Juzgados muni-
cipales de Guayama, Distrito de Humacao, y Aibonito,
Distrito de Ponce, á virtud de requerimiento de inhibición,
dirigido por el segundo al primero, acerca del conocimiento
de la demanda que en aquél ha deducido Don Antonio
García, como apoderado de la casa de comercio domiciliada
en dicho pueblo de Guayama, sucesores de Amorós Hermanos,
contra Don Venancio Rodríguez, vecino de Aibonito, sobre
pago de noventa y seis pesos ochenta y cinco centavos,
no habiendo comparecido ante este Tribunal Supremo nin-
guna de las partes.—Resultando :  Que en ocho de Febrero
del corriente año, Don Antonio García, como apoderado
de Sucesores de Amorós Hermanos, del comercio de la
expresada Ciudad de Guayama, acudió al Juzgado muni-
cipal, pidiendo celebrar juicio verbal con Don Venancio
Rodríguez, vecino de Aibonito, para que abonase á los
poderdantes de García los noventa y seis pesos ochenta
y cinco centavos que les era en deber de efectos sacados
al fiado de su establecimiento.—Resultando : Que acordado
lo anteriormente solicitado, se libró exhorto al Juzgado
municipal de Aibonito, teniendo efecto la citación, y en
su consecuencia, el Don Venancio Rodríguez acudió ante el
mismo con la solicitud de que se requiriese de inhibición al
de Guayama, á cuyo requerimiento accedió de conformidad
con el dictamen del Fiscal municipal.—Resultando : Que
conferido traslado á la parte demandante, se opuso á la
inhibición, presentando varias cartas que la dirigiera á
Guayama el demandado, pidiéndole en unas efectos, en otra
acusando recibo de éstos, en otra devolviéndole envases
y además la cuenta corriente, que arroja á su favor como
saldo la cantidad reclamada, cuya inhibición denegó el Juez
de Guayama, de acuerdo también con el Fiscal municipal, y
á su vez el de Aibonito ha insistido en sostener su compe-
tencia.—Resultando :  Que para ello considera este último
que, siendo vecino de la localidad el demandado Rodríguez,

es indudable la competencia del mismo Juzgado, según el artículo 62 de la Ley de Enjuiciamiento Civil.—Resultando : Que á su vez, el Juez municipal de Guayama se funda para sostener corresponderle el conocimiento de la demanda de Sucesores de Amorós Hermanos, en ser competente para el de los juicios en que se ejerciten acciones personales el del lugar en que debe cumplirse la obligación, citando como fundamento la regla 1ª del anteriormente expresado artículo 62 de la Ley procesal.—Resultando : Que en su virtud, cada uno de dichos Juzgados ha remitido sus respectivas actuaciones á este Tribunal Supremo, en el que, dada á la cuestión jurisdiccional la tramitación correspondiente, el Fiscal ha emitido dictamen entendiendo procede decidirla á favor del de Guayama.—Siendo Ponente el Juez Asociado Don Luis de Ealo y Domínguez.—Considerando : Que según la regla 1ª del artículo 62 de la Ley de Enjuiciamiento Civil, en los juicios en que se ejerciten acciones personales, es competente en primer término, á falta de sumisión de las partes á Juez determinado, el del lugar en que deba cumplirse la obligación, y conforme á la constante jurisprudencia del Tribunal Supremo de Madrid, cuando no se ha designado dicho lugar, se entiende que lo es en la compra–venta de géneros de comercio, aquél en que se entrega la mercancía.—Considerando : Que si á la casa de Guayama se pedían los efectos por Don Venancio Rodríguez, y si en Guayama, según aparece, fueron entregados, allí por consiguiente debe cumplirse la obligación de su pago.—Fallamos : Que debemos declarar y declaramos que el conocimiento del mencionado juicio verbal corresponde al Juzgado municipal de Guayama, al que se remitan todas las actuaciones para los efectos de derecho ; poniéndose esta resolución en conocimiento del de igual clase de Aibonito, y siendo de cuenta respectiva de las partes el pago de las costas ocasionadas.—Así por esta nuestra sentencia, que se publicará en la *Gaceta*, según el artículo 107 de la Ley de Enjuiciamiento Civil, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras. —Juan Morera Martínez.—Luis de Ealo y Domínguez.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don Luis de Ealo y Domínguez, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á diez de Abril de mil novecientos.—E. de J. López Gaztambide.